## FRIEDERICH v. DOCKERY.
### No. 14909.

United States Court of Appeals
Eighth Circuit.
Jan. 29, 1954.

David K. Breed, St. Louis, Mo. (Joseph H. Goldenhersh, East St. Louis, Ill., on the brief), for appellant.

Harold J. Abrams, St. Louis, Mo., for appellee.

Before GARDNER, Chief Judge, and STONE and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The controversy is involved in a proceeding in bankruptcy. The appellant prior to November 11, 1948, under the trade name of Lincoln Trail Express, operated a transport trucking business in connection with which he owned and held a Certificate of Public Convenience and Necessity, MC106155, issued to him by the Interstate Commerce Commission, January 20, 1948, and by virtue of which he operated his interstate trucking business.

On November 11, 1948, appellant entered into a contract with Vilas D. McConachie to sell his business consisting principally of said I.C.C. Certificate and his automotive equipment for $25,700, part of which was represented by a note for $20,700 payable to appellant in installments and secured by a chattel mortgage on the automotive equipment. The sale was to be effective upon approval by the Interstate Commerce Com-

mission of the transfer of the Certificate, which transfer was approved by the Commission on December 9, 1948.

On December 31, 1948, McConachie executed his promissory note to appellant for $20,700, payable in monthly installments with interest, the final payment being due December 31, 1954. McConachie was a resident of St. Louis, Missouri, and a chattel mortgage on the automotive equipment securing payment of the note was recorded in St. Louis County, Missouri.

On the same day the chattel mortgage and note were executed, December 31, 1948, the parties executed a written contract by the terms of which it was agreed that in the event of default in payments on the note and in the event Friederich should elect to exercise his right to repossess the automotive equipment under the terms of the note and chattel mortgage, he "may, at the same time, elect to demand that the rights under the Certificate of Public Convenience and Necessity issued by the Interstate Commerce Commission on January 20, 1948, and bearing No. MC106155 * * * be transferred" from McConachie to appellant or his nominee. The agreement provided further that in the event of such demand McConachie would within ten days thereafter execute all necessary applications for transfer and any other documents required by the Commission, and that upon such transfer by the Commission a credit of $7,500 would be given on the $20,700 note.

Default having been made in payments on the note, McConachie on July 5, 1951, surrendered the mortgaged automotive equipment to appellant; and on July 16, 1951, appellant made written demand on McConachie to transfer to him the I.C.C. Certificate in accordance with the terms of the contract of December 31, 1948. McConachie refused and failed to comply with the demand, and on September 26, 1951, filed a voluntary petition in bankruptcy and an order of adjudication was entered on the same day. The appellee herein was duly appointed trustee of the bankrupt estate.

The bankrupt was at all times material a resident of St. Louis County, Missouri, and the principal office of his trucking business was located in the city of St. Louis, Missouri.

Neither the sales agreement of November 11, 1948, nor the agreement of December 31, 1948, for retransfer of the Certificate in event of default were recorded or filed for record. The Certificate at all times after its transfer to the bankrupt was in his possession.

On October 25, 1951, the appellant filed a petition with the referee in bankruptcy praying that an order be entered for the specific performance of the pledge agreement of December 31, 1948, on the ground that said agreement created in appellant a valid equitable lien on said Certificate.

After extensive hearings, the referee on December 15, 1952, filed a memorandum opinion and entered an order denying appellant's petition for a lien upon the I.C.C. Certificate and the proceeds of the sale thereof. The Certificate had been sold prior to the hearing before the referee pursuant to a stipulation between appellant and trustee which preserved the claimed rights of appellant in the proceeds of the sale. No question as to the rights of the parties because of the sale is raised here or was it in the district court.

On December 24, 1952, the appellant filed a petition in the district court for review of the order of the referee entered on December 15, 1952, denying a lien upon the I.C.C. Certificate of Convenience and Necessity and the proceeds of the sale thereof.

The case was later submitted to the district court and on June 9, 1953, an order was entered confirming the order of the referee. This appeal followed.

Appellant contends here that the referee and the court erred: 1. In refusing

to grant appellant a lien on the I.C.C. Certificate and the proceeds of the sale thereof, and in refusing to hold that appellant had a valid equitable lien on the Certificate; and 2. In refusing to hold that the alleged lien upon and transfer of the Certificate is governed by federal law and not by Missouri law.

■ The trustee represents the creditors of the bankrupt, and since the property involved (the I.C.C. Certificate), as well as the bankrupt, was in Missouri, the rights of the parties must be determined by Missouri law up to the point where the federal law determines their respective rights. Robbins v. Bostian, 8 Cir., 138 F.2d 622, and cases therein cited.

In Watson Bros. Transportation Co., Inc., v. Jaffa, 8 Cir., 143 F.2d 340, this court held that the holder of a Certificate of Public Convenience and Necessity could be required in a suit for specific performance to comply with his promise to transfer the Certificate. And In re Rainbo Express, Inc., 7 Cir., 179 F.2d 1, 15 A.L.R.2d 876, the court held that it may be the subject of a chattel mortgage.

Section 3486 of the Revised Statutes of Missouri, 1939, V.A.M.S. § 443.460, provides that "No mortgage * * * of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged * * * property be delivered to and retained by the mortgagee * * * or unless the mortgage * * * shall be filed in the office of the recorder of deeds of the county where the mortgagor * * * resides, and in the case of the city of St. Louis, with the recorder of deeds for said city * * *."

The appellant does not claim that the Certificate was a chattel mortgage, and, therefore, the Missouri statute had no application. His contention is that the contract gave him an equitable lien on the Certificate superior to any claim of the trustee, and that such a lien will be enforced in bankruptcy. Formerly that was true, but it is no longer true in all cases. 11 U.S.C.A., Bankruptcy, § 110, sub. c as amended by act of July 7, 1952, § 23(e), reads: "(c) The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind the trustee. The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

■■ The appellant's contract upon which he relies does not specifically create a lien upon the Certificate involved, but if it did so, or if it may be said that the circumstances connected with the sale of appellant's business to the bankrupt are sufficient to warrant a court of equity in holding that he had an equitable lien on the Certificate involved in this proceeding, the statute, supra, at least subordinates his claim to that of the trustee.

It is unfortunate for appellant that he did not include the Certificate involved here in the chattel mortgage which he took from the purchaser on the motor vehicles, or in a separate contractual lien which could easily have been filed for record in St. Louis, Missouri. He did not do so, however, and it is too late to ask the court for relief now.

We are satisfied that the referee and the court did not err in the decision appealed from. The judgment appealed from is accordingly.

Affirmed.